**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHANA FARMER and KYNA MOORE,** | : | |
| on behalf of themselves and others similarly | : | |
| situated, | : | |
| | : | CASE NO. 2:20-cv-3838 |
| **Plaintiffs**, | : | |
| | : | JUDGE |
| v. | : | |
| | : | MAGISTRATE JUDGE |
| **LHC GROUP, INC.,** | : | |
| c/o Cogency Global, Inc. | : | **JURY DEMAND ENDORSED** |
| 3958-D Brown Park Drive | : | **HEREON** |
| Hilliard, OH 43026 | : | |
| | : | |
| **Defendant**. | : | |

## PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Plaintiffs Shana Farmer ("Named Plaintiff Farmer" or "Farmer") and Kyna Moore ("Named Plaintiff Moore" or "Moore") (collectively "Named Plaintiffs" or "Plaintiffs") individually and on behalf of other members of the general public similarly situated, for their Complaint against Defendant LHC Group Inc. ("Defendant" or "LHC") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. § 4111.03, 4111.08, and the OPPA are brought as a class action pursuant to Rule 23. Named Plaintiffs, individually and on behalf of others similarly situated, hereby state as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant employed Named Plaintiff Farmer and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendant has done substantial business in the Southern District of Ohio.

## II. PARTIES

### Plaintiffs

4. Named Plaintiff Farmer is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Named Plaintiff Farmer was employed by Defendant beginning in or around April 2019 to present.

6. Named Plaintiff Farmer primarily worked as an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts.

7. At all times relevant, Named Plaintiff Farmer was a Home Health Aide ("HHA") primarily performing HHA responsibilities through Home Care by Blackstone located in Worthington, Ohio ("HCB Worthington"). During her employment with Defendant, Named Plaintiff Farmer traveled to and from Defendant's clients' residences in and around Central Ohio.

8.      Named Plaintiff Moore is an individual, United States citizen, and a resident of the State of Ohio.

9.      Named Plaintiff Moore was employed by Defendant beginning in or around December 2017 until February 2020.

10.     Named Plaintiff Moore primarily worked as an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts.

11.     At all relevant times, Named Plaintiff Moore was a Home Health Aide ("HHA") primarily performing HHA responsibilities through Home Care by Blackstone located in and around Toledo ("HCB Toledo"). During her employment with Defendant, Named Plaintiff Moore traveled to and from Defendant's clients' residences in and around the Northwest Ohio area.

12.     Named Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and they have given their written consents to bring this collective action to recover unpaid overtime under the FLSA and to recover unpaid overtime under the Ohio Wage Act. The Named Plaintiffs' consents are being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consents to be Party Plaintiffs*, attached hereto as **Exhibit A**).

**Defendant**

13.     Defendant is a foreign limited liability company that operates and conducts substantial business activities in the Southern District of Ohio and throughout Ohio. Defendant is a provider of in-home healthcare services.

14.     At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiffs and other similarly situated employees' working conditions.  At all relevant times, Defendant exercised that authority and control over Named Plaintiffs and other similarly situated employees.

15. At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiffs and other similarly situated employees at the facilities where Defendant operated and Named Plaintiffs and other similarly situated employees worked. At all relevant times, Defendant exercised that authority and control over Named Plaintiffs and other similarly situated employees.

16. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

17. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to employees at its locations, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping.

18. At all relevant times, Defendant suffered or permitted Named Plaintiffs and other similarly situated employees to work. The work that Named Plaintiffs and other similarly situated employees performed was for Defendant's benefit.

19. Although Defendant may have registered numerous other "entities", those entities operate out of Defendant's corporate office space. Defendant maintains interrelated operations, centralized control of labor relations, common management and common ownership and financial control.

20. Defendant was an "employer" for the purposes of the FLSA and the Ohio Acts. Defendant is a single integrated enterprise and/or a joint employer of Named Plaintiffs and all other similarly situated employees as those terms are defined in the FLSA and the Ohio Acts.

21. Defendant operates and controls and enterprises and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling,

or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

22.     At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III.    FACTS

23.     Defendant paid Named Plaintiffs and others similarly situated an hourly wage to perform work.

24.     Named Plaintiffs and other similarly situated employees regularly worked more than 40 hours in a workweek.

25.     During their employment with Defendant, Named Plaintiffs worked as HHAs providing companionship services, domestic services, home care, and other in-home services for Defendant's clients/patients.

26.     Named Plaintiffs and others similarly situated cared for multiple patients or clients throughout the day, and as such, they were required to drive between patients' homes. However, Defendant did not pay Named Plaintiffs and others similarly situated for their travel time between patients' homes.

27.     As a result of Defendant's failure to compensate Named Plaintiffs and similarly situated employees for their travel time between Defendant's patients' homes, Named Plaintiffs and other similarly situated employees were not paid one and one-half times their regular rate of pay for all hours worked over 40.

28.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment and recordkeeping laws of the United States and of the State of Ohio.

29.     During relevant times, Defendant had knowledge of and acted willfully in regard to its conduct described herein.

30.     Defendant's failure to compensate Named Plaintiffs and other HHAs as set forth above resulted in unpaid overtime.

## IV.     216(b) COLLECTIVE ALLEGATIONS

31.     Named Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of themselves and all other similarly situated employees of the opt-in class. The FLSA collective consisting of:

> All current and former Ohio hourly employees of Defendant who have: (1) provided companionship services, domestic services, home care, and/or other in-home services; (2) traveled to multiple clients' homes in the same day; and (3) worked 40 or more hours in any workweek during the three years preceding the filing of this Complaint (the "FLSA Collective" or the "FLSA Collective Members").

32.     Examples of employees that may be members of the FLSA Collective includes, but may not be limited to, direct support professionals, support specialists, caregivers, home health aides, aides, certified nursing assistants, state tested nursing assistants and other employees who provided companionship services, domestic services, home care, and other in-home services of Defendant.

33.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the Named Plaintiffs,

numerous putative FLSA Collective Members have been denied proper overtime compensation due to Defendant's company-wide payroll policies and practices. The Named Plaintiffs are representative of those other similarly situated employees and are acting on behalf of their interests as well as their own in bringing this action.

34.     The identity of the putative FLSA Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

### V.     RULE 23 ALLEGATIONS

35.     The Named Plaintiffs bring their Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following class:

> All current and former Ohio employees of Defendant who have: (1) provided companionship services, domestic services, home care, and/or other in-home services; (2) traveled to multiple clients' homes in the same day; and (3) worked 40 or more hours in any workweek during the two years preceding the filing of this Complaint (the "Rule 23 Class" or the "Rule 23 Class Members").

36.     The Rule 23 Class includes all current or former hourly, non-exempt employees employed by Defendant throughout the State of Ohio as defined above.

37.     The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

38.     The Named Plaintiffs are members of the Rule 23 Class and their claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

39.     The Named Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

40. The Named Plaintiffs have no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

41. The Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

42. Questions of law and fact are common to the Rule 23 Class.

43. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

44. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiffs and the Rule 23 Class as a whole.

45. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

46. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Rule 23 Class for travel between Defendant's patients' homes; (b) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiffs and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (d) what amount of

prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

47.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. The Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

48.     All of the preceding paragraphs are realleged as if fully rewritten herein.

49.     This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves and the FLSA Collective.

50.     The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

51.     During the three years preceding the filing of this Complaint, Defendant employed the Named Plaintiffs and the FLSA Collective Members.

52.     The Named Plaintiffs and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

53.     The Named Plaintiffs and the FLSA Collective Members were not paid for their travel time between Defendant's patients' homes.

54.     The Named Plaintiffs and the FLSA Collective Members regularly worked in excess of 40 hours in workweeks.

55.     Defendant violated the FLSA with respect to Named Plaintiffs and the FLSA Class by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in a workweek as a result of failing to pay them for their travel time between patients' homes.

56.     The Named Plaintiffs and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

57.     Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the FLSA Collective Members are entitled.

58.     The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay the Named Plaintiffs and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

59.     As a direct and proximate result of Defendant's conduct, the Named Plaintiffs and the FLSA Collective Members have suffered and continue to suffer damages. The Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the FLSA Collective Members.

**SECOND CAUSE OF ACTION:**
**R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

60.     All of the preceding paragraphs are realleged as if fully rewritten herein.

61.     This claim is brought under the Ohio Acts.

62.     The Named Plaintiffs and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Acts.

63.     The Ohio Acts require that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

64.     The Named Plaintiffs and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03 but were not paid overtime wages for this time spent working as a result of Defendant's failure to pay them for their travel time between patients' homes.

65.     The Named Plaintiffs and the Rule 23 Class were not exempt from the wage protections of the Ohio Acts.

66.     Defendant's repeated and knowing failures to pay overtime wages to the Named Plaintiffs and the Rule 23 Class Members were violations of R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the Rule 23 Class Members are entitled.

67.     For Defendant's violations of R.C. §4111.03, by which the Named Plaintiffs and the Rule 23 Class Members have suffered and continue to suffer damages. The Named Plaintiffs

seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Rule 23 Class Members.

### THIRD CAUSE OF ACTION:
### R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

68.     All of the preceding paragraphs are realleged as if fully rewritten herein.

69.     The Named Plaintiffs and the Rule 23 Class Members were employed by Defendant.

70.     During all relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiffs and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

71.     The OPPA requires Defendant to pay Named Plaintiffs and the Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

72.     During relevant times, Named Plaintiffs and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate of pay within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

73.     The Named Plaintiffs and the Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

74.     In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## FOURTH CAUSE OF ACTION:
## RULE 23 CLASS ACTION FOR DAMAGES PURSUANT TO O.R.C. 2307.60

75.     All of the preceding paragraphs are realleged as if fully rewritten herein.

76.     The FLSA, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

77.     By its acts and omissions described herein, Defendant has willfully violated the FLSA, and the Named Plaintiffs and the Ohio Rule 23 Class have been injured as a result.

78.     O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

79.     As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the Ohio Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## FIFTH CAUSE OF ACTION:
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

80.     All of the preceding paragraphs are realleged as if fully rewritten herein.

81.     The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

82.     During times material to this complaint, Defendant was a covered employer, and required to comply with the Ohio Wage Act's mandates.

83.     Named Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

84.     During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class Members by failing to properly

maintain accurate records of all hours Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

85.     In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs request judgment against Defendant for an Order:

A.     Certifying the proposed FLSA collective action;

B.     Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.     Certifying the proposed Rule 23 Class under the Ohio Acts;

D.     Allowing Named Plaintiffs, the FLSA Class Members, and the Rule 23 Class Members to prove their hours worked with reasonable estimates if Defendant failed to keep accurate records in accordance with Ohio Law;

E.     Awarding to Named Plaintiffs and the FLSA Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F.     Awarding to Named Plaintiffs and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

G.     Awarding Named Plaintiffs, the FLSA Collective Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H.      Awarding Named Plaintiffs, the FLSA Collective Members, and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I.      Awarding Named Plaintiffs and the Rule 23 Class Members compensatory and punitive damages under O.R.C. § 2307.60;

J.      Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and the Ohio Acts;

K.      Granting Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

L.      Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorney for Named Plaintiffs*
*and those similarly situated*

## JURY DEMAND

Named Plaintiffs request a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman