# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **SHANA FARMER and KYNA MOORE,** on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**LHC GROUP, INC.,**<br><br>Defendant. | Case No. 2:20-cv-3838<br><br>**JUDGE JAMES L. GRAHAM**<br><br>**MAGISTRATE JUDGE CHELSEY M. VASCURA** |

## DEFENDANT'S OBJECTIONS TO PLAINTIFFS' PROPOSED NOTICE AND CONSENT FORM

Plaintiffs Shana Farmer and Kyna Moore ("Plaintiffs") attached as Exhibit A to their Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-in Plaintiffs Pursuant to 29 U.S.C. § 216(b) (the "Motion") a "Notice of Fair Labor Standards Act Lawsuit" (the "Notice") and Consent to Join form (the "Consent Form"). (Dkt. 3-1, PAGEID #39-41.)  For the reasons set forth in its response in opposition to the Motion, Defendant LHC Group, Inc. ("LHC") submits that Plaintiffs have failed to meet their burden to demonstrate that conditional certification is warranted in this case and, as a result, no notice should be sent.  If, notwithstanding LHC's opposition, the Court grants Plaintiffs' Motion and permits Plaintiffs to send an opt-in notice of this action to some group of putative class members, the Court should not approve the Notice and Consent Form proposed by Plaintiffs because it lacks the balance, neutrality, and clarity required for a notice from the Court and omits critical information regarding

5419625.1

this lawsuit. Indeed, Plaintiffs' proposed Notice and Consent Form is fraught with defects, a representative sampling of which is addressed below.[1]

I. **A COURT-SUPERVISED NOTICE MUST BE BALANCED, FAIR AND FULLY INFORMATIVE**

As has been clear since the Supreme Court's landmark decision in *Hoffmann-LaRoche, Inc. v. Sperling*, any opt-in notice to potential class members about the pendency of a collective action must be approved and supervised by the District Court so as to prevent the "misuse of the class device" and counter any opportunity for "misleading communications" with putative class members. 493 U.S. 165, 171 (1989). In *Hoffmann*, the Court emphasized that the initial communications with potential members about the collective action must be neutral and should avoid even the appearance of solicitation. *Id.* at 174 ("In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action."). The Court also emphasized that the role of the District Court is to ensure that any notice is "timely, accurate, and informative." *Id.* at 172. As set forth below, Plaintiff's proposed Notice and Consent Form fail to conform to these guiding principles and should not be approved by the Court.

---

[1] The objections set forth by LHC herein are not exhaustive of the defects in Plaintiffs' proposed Notice. In the interest of judicial economy and efficiency, if the Court grants Plaintiffs' Motion, the Court should direct the parties to confer regarding the proper content of the notice prior to addressing LHC's objections, as the parties may resolve or narrow their disputes without Court intervention. *See Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, 1074-76 (S.D. Ohio 2016) (noting deficiencies in plaintiff's proposed notice and directing parties to work together to reach agreement on proposed notice within two weeks.).

2

## II. REPRESENTATIVE OBJECTIONS TO PLAINTIFFS' PROPOSED NOTICE

### A. Plaintiffs' Notice is Misleading and Does Not Adequately Explain the Basis of Their Claims

Critically, the Notice is extremely misleading, because it claims that LHC maintains a "policy and/or practice of not paying its employees travel time between LHC's clients' residences." (Notice at § I.) As explained in LHC's opposition brief, however, this statement is flatly untrue, both with respect to LHC's written policies and its actual practices with respect to travel time compensation for Personal Care Attendants ("PCAs").

In addition to being patently misleading, the Notice does not provide a meaningful or complete description of the basis of Plaintiffs' claims and, instead, states only that they are claiming that LHC "did not pay them for time spent traveling between the clients' residences in the same day," and that as a result, they were not paid overtime. (Notice at § I.) Plaintiffs' eligibility description is similarly misleading because it provides only the following:

> If you are a current or former hourly employee of LHC Group, Inc. ("LHC") who: (1) provided companionship services, domestic services, home care, and/or other in-home services; (2) traveled to multiple clients' homes in the same day; and (3) worked 40 or more hours in one or more workweeks, then please read this carefully because a collective action lawsuit may affect your rights.

(Notice p.1.) These descriptions are incomplete and misleading because they do not give putative class members any indication as to the full nature or basis of Plaintiffs' claims – *i.e.*, that Plaintiffs failed to follow LHC's policy requiring them to record all of their travel time – and it thus does not give recipients of the Notice sufficient information to determine if they believe they are similarly situated. Without such information, recipients cannot make an informed decision about whether they wish to participate in this case, and there is a substantial risk that there will be individuals who opt into this case even though their own experiences in recording and being paid

3

for their travel time bear no resemblance to Plaintiffs' experiences in this regard. The Notice therefore fails the requirement of *Hoffman* that it be accurate and informative. *See Pataky v. Brigantine, Inc.*, No. 3:17-cv-00352-GPC-AGS, 2017 U.S. Dist. LEXIS 70098, at *17-18 (S.D. Cal. May 8, 2017) (finding statements about describing tip pooling claim to be overbroad because they failed to identify the "salient alleged violation" of the FLSA). Accordingly, the descriptions should be amended to remove any misleading description of LHC's policies and practices, and to include a statement indicating that Plaintiffs and any potential opt-ins did not record their travel time despite a written policy requiring them to do so. *See Murray v. Silver Dollar Cabaret, Inc.*, No. 5:15-CV-5177, 2017 WL 514323, at *4 (W.D. Ark. Feb. 8, 2017) (granting defendants' request to reword the description of the nature of the case finding, "[p]utative members should know what they are opting in to.").

### B. Plaintiffs' Notice is Inappropriately One-Sided

Plaintiffs' proposed Notice is improperly biased in Plaintiffs' favor in several respects. *See Baden-Winterwood v. Life Time Fitness*, No. 2:06-cv-99, 2006 U.S. Dist. LEXIS 53556, at *5-6 (S.D. Ohio Aug. 2, 2006) (ordering changes to proposed notice in response to defendant's objections); *Heitmann v. City of Chicago*, No. O4-C-3304, 2004 U.S. Dist. LEXIS 14669, at *4-5 (N.D. Ill. July 29, 2004) (same). Most importantly, the Notice contains only one cursory sentence stating that LHC denies Plaintiffs' allegations. Any notice authorized by the Court should include a more complete description of LHC's defenses, including that LHC's written policies prohibit "off-the-clock" work, require PCAs to accurately record all travel time, and require that PCAs be paid for all recorded travel time (including when such travel time constitutes overtime).

Plaintiffs' proposed Notice is also biased in that it lacks any information regarding the identity of any representative of, or counsel for, LHC. To be appropriate, a notice must apprise

potential plaintiffs of the identity of all counsel, including counsel for LHC. *See*, *e.g.*, *Baden-Winterwood*, 2006 WL 2225825, at *3 (ordering that notice include name and address of defendant's counsel); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 108 (S.D.N.Y. 2003) (requiring plaintiff to add contact information for defense counsel).

Accordingly, LHC requests that the notice be balanced to include a description of LHC's defenses in this case, as well as the name and contact information of a representative of LHC to whom potential plaintiffs may direct their questions.

**C.** **Plaintiffs' Notice Fails to Adequately Inform Potential Opt-In Plaintiffs About Their Rights with Respect to Counsel**

Plaintiffs' proposed Notice improperly suggests that any opt-in plaintiff must be represented by counsel for Plaintiffs and fails to inform potential opt-in parties that they have the right to retain counsel of their own choosing. The Notice says, "[i]f you join, the lawyers listed on this Notice will represent you" (Notice at § III), and thus fails to "[i]nform[] potential plaintiffs of their right to choose their own counsel." *Fenley*, 170 F. Supp. 3d at 1073 (holding such information is "an appropriate element in a notice" in the Southern District of Ohio); *Heaps v. Safelite Solutions, LLC*, No. 2:10 CV 729, 2011 WL 1325207, at *9 (S.D. Ohio Apr. 5, 2011) (collecting cases); *see also Tolentino v. C & J Spec-Rent Servs.*, 716 F. Supp. 2d 642, 655 (S.D. Tex. 2010) (requiring notice to inform potential opt-ins that they "may contact any attorney of their choosing to discuss the case"). Plaintiffs' proposed Notice also is objectionable because it suggests that potential plaintiffs may only contact counsel for Plaintiffs to obtain further information about the suit. It is not unreasonable to expect that potential plaintiffs will want to speak with representatives of LHC about this suit before deciding whether to opt-in to the case.

### D. Plaintiffs' Notice Fails to Adequately Inform Potential Opt-In Plaintiffs of the Obligations Associated with Participation in this Lawsuit

LHC further objects to Plaintiffs' proposed Notice because it fails to adequately inform potential plaintiffs of their responsibilities if they choose to opt-in to the lawsuit. *Rivera v. Cemex, Inc.*, No. 6:06-cv-687-Orl-31DAB, 2006 U.S. Dist. LEXIS 84557, at *7 (M.D. Fla. Nov. 21, 2006) ("Any notice, to be approved by this Court, must include a full disclosure of all individuals' rights *and* responsibilities should they decide to opt-in to this suit.") (emphasis in original). All persons who opt-in will become parties to this case and will be required fully to participate in discovery and any trial in this matter. The Notice only informs potential opt-ins that: "If you join, the lawyers listed on this Notice will represent you. You will be bound by any Court ruling, judgment, or settlement, whether favorable or unfavorable. If money is recovered in the Case, you may be entitled to receive a share of that money." (Notice at § III.) The Notice does not inform recipients of their potential obligations to give testimony at a deposition, produce documents, respond to interrogatories, and appear in Columbus, Ohio to testify if the case proceeds to trial or their testimony is otherwise necessary. Any notice approved by the Court should adequately apprise potential opt-ins of all of their obligations should they choose to opt into the case. *Belcher v. Shoney's Inc.*, 927 F. Supp. 249, 253-55 (M.D. Tenn. 1996) (adding language to notice indicating that opt-in plaintiffs would have to participate in discovery, including that they "may be required…to sit for depositions and/or testify in court"); *Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 630 (D. Colo. 2002) (requiring that notice include statement of discovery and trial responsibilities).

Plaintiffs' proposed Notice also fails to explain the obligations involved because it does not inform potential opt-ins that their lawyers will receive a percentage of any recovered amounts. *See Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 900 (S.D. Ohio 2018) (requiring inclusion of language stating that lawyers' "fees will be a percent or portion of the

recovered amounts"); *She Jian Guo v. Tommy's Sushi Inc.*, No. 14 Civ. 3964(PAE), 2014 WL 5314822, at *4 (S.D.N.Y. Oct. 16, 2014) (requiring inclusion of language informing potential opt-ins "that plaintiffs' counsel will take a portion of any settlement or money judgment the class receives").

Similarly, the proposed Notice is deficient because it does not inform recipients of other potential monetary obligations associated with participation in the suit. *Dietrich v. Liberty Square, LLC,* 230 F.R.D. 574, 580 (N.D. Iowa 2005) (holding that notice must include "any fees or advances that a plaintiff would be obligated to pay at any stage of the litigation"). In particular, any notice approved by the Court should explain that opt-in plaintiffs may be responsible for LHC's costs in this matter if their claims against LHC are unsuccessful, "to give prospective plaintiffs a clear understanding of the potential risks and rewards of opting in to this litigation." *See Gomez v. ERMC Prop. Mgmt. Co.*, 2014 WL 3053210, at *2 (N.D. Ohio July 7, 2014) (holding "[t]he Notice must be amended to inform prospective plaintiffs they may be obligated to pay costs no matter the outcome of the litigation" because, as the Sixth Circuit affirmed, an employer may be awarded costs in such cases) (citing *Frye v. Baptist Mem'l Hosp., Inc.*, 507 F. App'x 506, 508 (6th Cir. 2012)); *see also Beck v. DeSoto Health & Rehab, LLC*, No. 2:06-cv-226, 2007 WL 201097, at *1 (M.D. Fla. Jan. 24, 2007) (amending proposed notice to include warning regarding potential responsibility for defendant's costs); *Gjurovich*, 282 F. Supp. 2d at 107 (adding language to notice that opt-in plaintiffs may be liable for costs associated with suit and potential counterclaims that defendants may assert).

### E. Plaintiffs' Proposed Opt-in Period is Too Long and Should be Limited to 45 Days.

Plaintiffs, without any justification or explanation, propose a 90-day period for any individuals wishing to opt-in to mail their notice to the Court. This Court has previously held that

7

a 45-day opt-in period is sufficient for standard FLSA cases and that 90 days "would be too long." *Hall*, 299 F. Supp. 3d at 900 (reducing a 90-day opt-in period to 45 days); *Heaps*, 2011 WL 1325207, at *9 (same); *see also Williams v. Long*, 585 F. Supp. 2d 679, 692 (D. Md. 2008) (holding that 30 days is more than adequate for an individual to receive the notice, review it, and return it to the court if they wish to opt-in).  In fact, this Court has also held that even a 60-day opt-in period is "too long," and that 45 days is more appropriate.  *Baden-Winterwood*, 2006 WL 2225825, at *3. Plaintiffs have not explained any reason why a 90-day period is required. Therefore, LHC requests that the Notice be revised to reflect a 45-day opt-in window within which the consent forms must be filed in the Court record.

### III.     PLAINTIFFS' PROPOSED CONSENT FORM SHOULD NOT BE APPROVED

LHC also objects to the Consent Form included with Plaintiffs' proposed Notice because it contains a full case caption that references "United States District Court, Southern District of Ohio" directly above "Judge James L. Graham" and "Magistrate Judge Chelsey M. Vascura." (Dkt. 3-1.)  This case caption should be omitted from the notice because it "gives a false impression of judicial endorsement of [Plaintiffs'] position where none exists."  *Gilbert v. Citigroup, Inc.*, No. 08-0385-SC, 2009 WL 424320, at *13 (N.D. Cal. Feb. 18, 2009) (requiring plaintiffs to remove case caption from notice for this reason); *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1047 (N.D. Ill. 2003) (rejecting plaintiffs' proposed notice for including a case caption "with the name of the court, the title of the action, the file number, and the assigned judge" because "the judicial imprimatur is likely to be misunderstood as a representation that the suit probably has merit") (quoting *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 581 (7th Cir. 1982)).  Any consent form approved by this Court should not reflect such deficiency.

5419625.1

Respectfully submitted this 9th day of October, 2020.

/s/ Carrie L. Urrutia
Carrie L. Urrutia (0073874)
EASTMAN & SMITH LTD.
One SeaGate, 24th Floor
P.O. Box 10032
Toledo, OH  43699-0032
Telephone: (419) 241-6000
Facsimile: (419) 247-1777
Email:  CLUrrutia@eastmansmith.com

Glenn G. Patton (*pro hac vice* pending)
Georgia Bar No. 567235
Brett Coburn (*pro hac vice* pending)
Georgia Bar No. 171094
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: glenn.patton@alston.com
Email: brett.coburn@alston.com

Attorney for Defendant LHC Group, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2020, a copy of the foregoing *DEFENDANT'S OBJECTIONS TO PLAINTIFFS' PROPOSED NOTICE AND CONSENT FORM* was filed and served via ECF on Plaintiff's counsel as set forth below:

>Matthew J.P. Coffman
>Adam C. Gedling
>COFFMAN LEGAL, LLC
>1550 Old Henderson Road
>Suite #126
>Columbus, OH  43207
>Telephone: (614) 386-1181
>Facsimile: (614) 386-9964
>Email: mcoffman@mcoffmanlegal.com
>Email: agedling@mcoffmanlegal.com

>/s/ Carrie L. Urrutia
>Attorney for Defendant
>LHC Group, Inc.

5419625.1