# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**SHANA FARMER**, *et al.*,

    **Plaintiffs,**

    v.

**LHC GROUP, INC.,**

    **Defendant.**

Civil Action 2:20-CV-3838

Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Shana Farmer and Kyna Moore (collectively, "Plaintiffs"), bring this putative collective action against LHC Group, Inc. ("Defendant"), alleging violations of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act ("the Ohio Wage Act"), Ohio Revised Code §§ 4111.03, and 4111.08; and the Ohio Prompt Pay Act ("OPPA"), Ohio Revised Code § 4113.15. This matter is before the undersigned on Defendant's Motion to Transfer Venue (ECF No. 10), Plaintiffs' Response in Opposition (ECF No. 14), and Defendant's Reply (ECF No.18). For the reasons that follow, Defendant's Motion is **DENIED**.

### I. BACKGROUND

According to the website maintained by the Ohio Secretary of State, Defendant a is a for-profit corporation incorporated in the state of Delaware. *See* Search Business by Name, Ohio Secretary of State, https://businesssearch.ohiosos.gov/ (search for LHC Group, Inc.).[1] Defendant

---

[1] Defendant also indicates that it is headquartered in Louisiana. (Def.'s Mot., ECF No. 10 at PAGE ID # 122.)

provides in-home healthcare services and has operations throughout the state of Ohio, including the Southern District of Ohio. (Def.'s Answer ¶ 13, ECF No. 1 at PAGE ID # 98).

Plaintiff Farmer is an individual resident of Ohio who lives in the Southern District. (Pls.' Compl. ¶ 4, ECF No. 1 at PAGE ID # 2.) Plaintiff Moore is an individual resident of Ohio. (*Id*. at ¶ 8, PAGE ID # 3.) Plaintiff Farmer works as a Home Health Aide ("HHA") assigned to an agency affiliated with Defendant in Columbus, Ohio; Plaintiff Moore worked as an HHA assigned to an agency affiliated with Defendant in Toledo, Ohio. (Def.'s Answer, ECF No. 1 at ¶¶ 7, 11, PAGE ID # 97, 98.) Plaintiffs allege that Defendant failed to pay them for overtime in violation of the FLSA and Ohio law. Specifically, Plaintiffs allege that they, and a proposed class of other nonexempt employees, were required to travel between clients' homes where they performed homecare services. Plaintiffs further allege that Defendant unlawfully failed to compensate them for that travel time and that consequently, Defendant failed to pay them one-and-a-half times their regular rate of pay for all hours they worked in excess of 40 hours in a work week. Both Plaintiffs allege that their work required them to travel between clients' houses, but Plaintiff Farmer explicitly alleges that her work requires travel between clients' homes in and around central Ohio. (Pls.' Compl. ¶ 7, ECF No. 1 at PAGE ID # 2.)

This is not the first time that Plaintiffs have alleged that Defendant unlawfully failed to compensate them. On April 6, 2020, a putative class action was brought in the Northern District of Ohio, alleging that Defendant and another party failed to pay nonexempt employees overtime wages in violation of the FLSA and Ohio law. *See Stone, et al. v. LHC Grp., Inc., et al.*, Case No. 3:20-cv-00742, Northern District of Ohio ("*Stone* Case"). Both Plaintiffs in this case consented to participate in the *Stone* Case. (*Stone* Case, ECF Nos. 4, 11.) The parties in the *Stone* Case were represented by the same lawyers in this case. Although the Complaint in the

2

*Stone* Case alleged that Defendant failed to properly pay overtime wages, it did not explicitly allege that Defendant had filed to compensate exempt employees for travel time. (*See Stone* Case, ECF No. 1.)

The *Stone* Case was assigned to Judge Zouhary, who held a status conference on May 20, 2020. (*Stone* Case, ECF No. 8.) The parties agree that during that conference, Defendant's counsel asserted that the *Stone* Case Complaint was deficient. Judge Zhouhary's Order memorializing the status conference indicates that Plaintiffs' counsel requested and received leave to file an Amended Complaint and that the parties were directed to begin exchanging documents pursuant to Rule 26 of the Federal Rules of Civil Procedure. (*Stone* Case, ECF No. 8.)

On June 2, 2020, an amended complaint was filed in the *Stone* Case. (*Stone* Case, ECF No. 9.) The amended complaint did not allege that Defendant had failed to compensate exempt employees for travel time. (*Id*.) The parties agree that on June 8, 2020, Defendant's counsel provided Plaintiffs' counsel with various documents, including payroll and time records for the named plaintiff in the *Stone* Case. The parties also agree that after counsel discussed those documents, Defendant's counsel subsequently provided payroll and time records for the two named Plaintiffs in this action. In addition, the parties agree that on July 28, 2020, Plaintiffs' counsel indicated that the documents Defendant provided revealed that Defendant had failed to compensate employees for their travel time.

On July 29, 2020, Judge Zouhary held another status conference. (*Stone* Case, ECF No. 13.) Defendant's counsel contends that during that conference, Plaintiffs' counsel indicated that counsel would be looking into a new issue involving travel time and that Judge Zouhary told Plaintiffs' counsel that he needed to identify the nature of his clients' claims. The parties agree

3

that Judge Zouhary "raised the issue" or "suggested" a voluntary dismissal. The Order memorializing the status conference, however, indicates that after discussions, all counsel agreed that the case should be dismissed. (*Stone* Case, ECF No. 13.) Judge Zhouhary dismissed the case without prejudice that day. (*Id.*)

Plaintiffs Farmer and Moore, represented by the same lawyer who represented the named plaintiff in the *Stone* Case, initiated this action on July 30, 2020. Defendant moves to transfer this action to the Northern District, where, pursuant to that Court's Local Rules, it will be presided over by Judge Zouhary.

## II. STANDARD

The Court's authority to transfer venue lies in multiple statutes, including 28 U.S.C. §§ 1404(a), 1406(a), and 1631. Under § 1404(a), when "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought."[2] Because Plaintiffs' choice of forum is given great consideration, Defendant bears the burden of showing that venue transfer under § 1404(a) is appropriate. *Worthington Indus., Inc. v. Inland Kenworth, (US), Inc.*, No. 2:19-cv-3348, 2020 WL 1309053, at *13 (S.D. Ohio Mar. 18, 2020) ("The Court must give foremost consideration to the plaintiff's choice of forum and the balance must weigh strongly in favor of a transfer before

---

[2] Section 1404(a) presupposes that venue is proper in the original forum. *Flatt v. Aspen Dental Mgmt., Inc.*, No. 2:18-cv-1278, 2019 WL 6044159, at *1 (S.D. Nov.15, 2019) (citing *Elcheikhali v. Geico Ins. Co.*, No. 1:09 CV 2434, 2010 WL 301905, at *2 (N.D. Ohio Jan. 19, 2010) ("The purpose of the provision is to transfer actions brought in a permissible yet inconvenient forum.") (emphasis in original) (relying on *Martin v. Stokes*, 623 F.2d 469, 471 (6th Cir. 1980)). It is undisputed that venue is proper here and the undersigned cannot find otherwise. Subject-matter jurisdiction, personal jurisdiction, and venue are satisfied because Plaintiffs bring federal claims, and Defendant has business operations throughout Ohio, including the Southern District, where Plaintiff Farmer lives and worked. The Court also exercises supplemental jurisdiction over Plaintiffs' state-law claims. 28 U.S.C. § 1367.

the Court should grant a [§] 1404(a) motion.") (citations and quotations omitted). The Court uses a two-step analysis to determine if a transfer is appropriate: (1) whether the action could have initially been brought in the court where transfer is sought and, if so, (2) whether transfer is appropriate under a balance of convenience and justice factors. *Badger v. Speedway, LLC*, No. 3:14-cv-7, 2014 WL 10156608, at *1 (S.D. Ohio Dec. 5, 2014).

### III. ANALYSIS

#### A. Jurisdiction of the Transferee Court

The first step of the § 1404(a) analysis is satisfied if: (1) the transferee court has jurisdiction over the subject matter of the action; (2) venue is proper in the transferee court; and (3) the defendants are amenable to process issuing out of the transferee court. *Sky Tech. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 291 (S.D. Ohio 2000). In this case, it is undisputed that the first step is satisfied.

#### B. The Balance of Convenience and Justice Factors

In resolving part two of this § 1404(a) analysis, a district court evaluates various private-interest factors (which have been recited in a number of ways), including: (1) the convenience of the parties and witnesses, (2) the accessibility of the evidence, (3) the availability of compulsory process, (4) the cost of obtaining willing witnesses, (5) the practical problems of trying the case most expeditiously and inexpensively, and (6) the interests of justice. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). Courts may also consider public-interest factors such as (1) court congestion, (2) local interest in deciding the controversy at home, and (3) in diversity cases, the interest of conducting the trial in the forum of the governing law. *Youngblood v. Life Ins. Co. of N. Am.*, No. 3:16-CV-34-TBR, 2016 WL 1466559, at *1 (W.D. Ky. 2016) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013)). Ultimately,

the transfer statute provides district courts with broad discretion to determine the appropriateness of transfer on an individualized, case-by-case basis. *Reese*, 574 F.3d at 320; *Inter-National Found. Corp. v. Disney 1999 Ltd. P'ship*, No. 2:09-cv-983, 2010 WL 1438759, at *2 (S.D. Ohio Apr. 9, 2010).

### 1. Private Interest and Interest of Justice Factors

Defendant asserts that private interests weigh in favor of transfer. Defendant contends that the Northern District is a sufficiently convenient forum because Plaintiffs previously consented to having FLSA claims adjudicated there in the *Stone* Case and because Plaintiff Moore worked in the Toledo area when employed by Defendant's affiliate. (Def.'s Mot, ECF No. 10 at PAGE ID # 122.) Defendant reasons that Plaintiffs' choice of forum is therefore of little consequence because the events alleged in the Complaint could have served as the basis for venue in either district. (*Id.*) Significantly, however, Defendant neither asserts nor offers evidence upon which the Court could relay to conclude that the Northern District would be a *more* convenient forum, particularly given that Plaintiff Farmer lives and worked in the Southern District. *Cf. Neff Ath. Lettering Co. v. Walters*, 524 F. Supp. 268, 272–73 (S.D. Ohio 1981) (a plaintiff's choice of forum is given a large measure of deference when deciding whether to grant a motion to change venue especially when the plaintiff lives in the forum). "Venue is proper in 'any forum with a substantial connection to the plaintiff's claim'" *Retail Serv. Sys. Inc. v. Mattress Clearance Ctrs. of Am.*, No. 2:17-cv-746, 2018 WL 3716896, at *9 (S.D. Ohio Aug. 3, 2018) (quoting *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998)). Moreover, "[v]enue may be proper in two or more districts." *Id*. That venue might also be proper in the Northern District does not establish that venue would be more convenient there. The Court therefore finds that this factor is neutral and does not undermine the strong presumption given to

Plaintiffs' choice of forum.

Defendant next asserts that the interests of justice would be served by transferring the case because Plaintiffs' actions strongly suggest that they are engaged in impermissible forum shopping. "It is well established that, '§ 1404(a) should not create or multiply opportunities for forum shopping.'" *Energy Conversion Devices Liquidation Tr. v. Trina Solar Ltd.*, No. 13-14241, 2014 WL 2763648, at *2 (E.D. Mich. June 18, 2014) (quoting *Ferens v. John Deere Co.,* 494 U.S. 516, 523 (1990)). Forum shopping may "reasonably be inferred" when a plaintiff "files the same or similar case represented by the same law firm in a different district after receiving unfavorable" precedent in the first district. *Garcia v. FCA US, LLC*, No. 2:19-CV-12750, 2020 WL 2711556, at *2 (E.D. Mich. May 26, 2020) (quoting *LegalForce, Inc. v. Legalzoom.com, Inc.*, No. 2:18-cv-06147-ODW-GJS, 2018 WL 6179319, at *3 (C.D. Cal. Nov. 27, 2018) (collecting cases)). "And '[i]t is not in the interest of justice to encourage, or even allow, a plaintiff to select one district exclusively or primarily to obtain or avoid specific precedents.'" *Id*. (quoting *Lab Corp. of Am. Holdings v. NLRP*, 942 F. Supp. 2d 1, 5 (D.D.C. 2013)).

In this case, Plaintiffs consented to participate in the *Stone* Case, which was voluntarily dismissed one day before they filed their case here. Plaintiffs are represented in this case by the same counsel who represented the named plaintiff in the *Stone* Case. The complaints in both actions allege that Defendant failed to compensate nonexempt employees for overtime. These facts give pause. On the other hand, the claims made in this case are not identical to the claims made in the *Stone* Case. The claims made here—that Defendant failed to compensate nonexempt employees for travel time—were not alleged in the first or the amended complaint in the *Stone* Case, and apparently did not even come to light until the parties exchanged documents

7

after the amended complaint was filed.

Moreover, and most importantly, the record reflects that the *Stone* Case was dismissed without prejudice before Judge Zouhary issued any rulings that were unfavorable to Plaintiffs. For that reason, Defendant's reliance upon *LegalForce* is misplaced. In *LegalForce*, the United States District Court for the Central District of California granted the defendant's motion to transfer to the United States District Court for the Northern District of California because the plaintiff's actions indicated forum shopping. *LegalForce,* 2018 WL 6179319, at *3. The *LegalForce* plaintiff originally filed in the Northern District of California, and the district court there granted the defendant's motion to dismiss plaintiff's amended complaint, allowed a limited revision to the amended complaint, but then denied plaintiff leave to file a third amended complaint. *Id*. After being denied leave to file a third amended complaint, the *LegalForce* plaintiff voluntarily dismissed its case and refiled its third amended complaint in the Central District of California. *Id*. Because the *LegalForce* plaintiff dismissed its case and refiled elsewhere after adverse rulings, the case is readily distinguishable. Although Defendant in this action asserts that Judge Zouhary "expressed skepticism" about Plaintiffs' claims, expressions of skepticism do not constitute adverse rulings. In addition, Plaintiffs deny that Judge Zouhary expressed any such skepticism, and the Orders issued in the *Stone* Case do not contain any such expressions. Indeed, Judge Zouhary granted leave to file an amended complaint.

The other case that upon which Defendant relies, *Metal Source*, is similarly distinguishable. *Metal Source, LLC v. All Metal Sales, Inc.*, No. 1:14-cv-01020-DAP, 2016 WL 245981, at *12 (N.D. Ohio Jan. 21, 2016). *Metal Source* did not involve a transfer under § 1404(a). Instead, the *Metal Source* plaintiff filed in state court and engaged in extensive discovery. *Id*. While that state case was pending, the plaintiff filed in federal court. *Id*. The

8

defendant successfully moved for summary judgment in the state action and successfully moved the district court to dismiss the federal action on *res judicata* principles. *Id*. The plaintiff, however, successfully argued that it should have been permitted to discover certain materials in the state case to the state appellate court, which then remanded the state action. *Id*. Consequently, the United States Court of Appeals for the Sixth Circuit reversed the district court's dismissal on *res judicata* principles. *Id*. at *2. Instead of seeking discovery in the state-court action and using it to oppose the defendant's motion for summary judgment, the *Metal Source* plaintiff dismissed its state-court case without prejudice and attempted to proceed with its federal action in the district court. *Id*. at *12. When ruling on a subsequent motion to dismiss and for sanctions, the district court explained that it would dismiss the plaintiff's claims without prejudice because its claims were lacking and in light of the plaintiff's apparent forum shopping. The district court also awarded defendant attorney's fees for the abandoned state-court case if plaintiff elected to proceed in federal court. The district court noted that plaintiff's forum shopping had resulted "in litigation spanning four courts over three years and made the case unnecessarily resource-intensive for both the courts and parties." *Id*. at 13. The procedural history in *Metal Source* is therefore readily distinguishable. In contrast, the *Stone* Case was dismissed before a scheduling Order issued, before extensive discovery was conducted, and before Defendant answered the amended complaint.

For these reasons, the undersigned finds that the private interest and interests of justice factors do not weigh in favor of transfer.

**2. Public Interest Factors**

The undersigned also finds that the public interest factors do not weigh in favor of transfer. Defendants acknowledge that familiarity with governing law is a neutral factor given

9

that the claims alleged involve federal and Ohio state law and that the Courts in both districts are thus equally expert.  Defendant, however, uses statistics from the Administrative Office of the United States District Courts to assert that the Northern District's docket is less congested and thus transfer would appropriately further public interest.  This docket discrepancy, however, is insufficient to undermine Plaintiffs' choice of forum in light of the procedural history.  As previously noted, the *Stone* Case was dismissed without prejudice after very limited activity.  In light of the *Stone* Case's brevity, the undersigned does not conclude that the Northern District has developed any special interest or expertise such that transfer would preserve judicial resources.  *See Franklin v. Kellog Co.*, No. 2:08-2268-JPM-tmp, 2008 WL 28966947, at *2 (W.D. Tenn. July 22, 2008) (denying motion to transfer purported class action to a district where another class action had been litigated; case in transferee court was dismissed pursuant to a stipulation after very limited activity and transferee court had thus not developed interest or expertise).

For these reasons, the undersigned finds that the public interest factors likewise do not weigh in favor of transfer.

## IV.     DISPOSITION

For the foregoing reasons, Defendant's Motion to Transfer Venue (ECF No. 10) is **DENIED**.

**IT IS SO ORDERED.**

                                                */s/Chelsey M. Vascura*
                                                CHELSEY M. VASCURA
                                                UNITED STATES MAGISTRATE JUDGE