**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| SHANA FARMER, *et al.*, | |
| Plaintiffs, | Case No. 2:20-cv-3838 |
| v. | Judge Graham |
| LHC GROUP, INC., | Magistrate Judge Vascura |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiffs' Pre-Discovery Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. § 216(b) (ECF No. 3), requesting: 1) that the Court conditionally certify this case as a Fair Labor Standards Act ("FLSA") collective action pursuant to 29 U.S.C. § 216(b); 2) implement a procedure whereby the Court-approved notice is sent by United States mail and electronic mail to certain current and former Ohio hourly employees of Defendant; 3) approve the proposed Notice and Consent to Join forms attached as Exhibit A to Plaintiff's motion; 4) direct Defendant to provide, within fourteen (14) days of an order granting conditional certification, a roster of all persons who fit the definition in paragraph 2 (the "Potential Opt-In Plaintiffs") that includes their full names, their dates of employment, job titles, their last known home addresses, phone numbers, and their personal email addresses; and 5) directing that the Court-approved Notice and Consent to Join forms be sent to such present and former employees within fourteen (14) days of receipt of the roster using the Potential Opt-In Plaintiffs' mailing and email addresses.

Defendant opposes Plaintiffs' motion and has separately filed several objections to Plaintiffs' proposed notice and consent. (ECF Nos. 12 and 13.)  For the reasons that follow,

1

Plaintiffs' motion is **GRANTED IN PART** subject to the conditions outlined in this Opinion and Order and **DENIED IN PART**.  Defendant's objections are **OVERRULED IN PART** and **SUSTAINED IN PART**.

## I.     BACKGROUND

Defendant owns and operates various entities and businesses offering in-home healthcare services throughout Ohio and other states, including, but not limited to, Cambridge, Caretenders, Comfort Home Health Care, and Home Care by Blackstone. (ECF No. 3 at 24; Ex. C, Moore Decl. ¶ 4, ECF No. 3-3 at 75.)  Defendant employs home health aides ("HHAs"), Certified Nursing Assistants ("CNAs"), State Tested Nursing Assistants ("STNAs"), Registered Nurses ("RNs"), and other caregiving positions (collectively, "Personal Care Attendants" or "PCAs"), who are responsible for providing in-home healthcare services, such as companionship services, domestic services, home care, and other in-home services (collectively, "caregiver services"). (Moore Decl. ¶¶ 5–6.)

Named Plaintiff Shana Farmer is presently employed as an HHA for one of Defendant's business entities, Home Care by Blackstone, in Worthington, Ohio providing caregiver services for Defendant's clients.  (Compl. ¶¶ 7, 25, ECF No. 1 at 2, 5; Ex. B, Farmer Decl. ¶ 3, ECF No. 3-2 at 43.)  As part of her employment, Plaintiff Farmer travels to and from client residences in and around Central Ohio. (Compl. at ¶ 7.)

Named Plaintiff Kyna Moore worked as an HHA for Home Care by Blackstone from December 2018 to February 2020, providing similar caregiver services in Toledo, Ohio and traveled to and from client residences in Northwest Ohio. (*Id.* at ¶ 11.)

Both Named Plaintiffs work or worked for Defendant as hourly, non-exempt employees. (*Id.* at ¶¶ 6, 10.)  Both claim that they and others similarly situated were required, as part of their

employment, to drive to clients' homes to offer in-home caregiver services. (*Id.* at ¶¶ 25–26.) Both further claim that Defendant failed to compensate them and others similarly situated for their travel time between client residences. (*Id.* at ¶ 27.)

Plaintiffs allege that "Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to employees at its locations, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping." (*Id.* at ¶ 17.) Plaintiffs further allege that they "and others similarly situated cared for multiple patients or clients throughout the day, and as such, they were required to drive between patients' homes" but were not paid for their travel time. (*Id.* at ¶ 26.) Plaintiffs therefore allege that they "and other similarly situated employees were not paid one and one-half times their regular rate of pay for all hours worked over 40" in compliance with federal and Ohio state wage and overtime payment and recordkeeping laws.

In their motion to conditionally certify a collective action, Plaintiffs propose that the class include:

> All current and former Ohio hourly employees of Defendant who have: (1) provided companionship services, domestic services, home care, and/or other in-home services; (2) traveled to multiple clients' homes in the same day; and (3) worked 40 or more hours in one or more workweeks during the three (3) years preceding the filing of this Motion and continuing through the final disposition of this case.
>
> (ECF No. 3 at 21.)

On October 9, 2020, Defendant filed its Response in Opposition to Plaintiffs' Motion for Conditional Certification and Issuance of Notice under 29 U.S.C. § 216(b) (ECF No. 12), arguing that Plaintiffs and the putative class members are not similarly situated and urging this Court to narrow the proposed class and to not approve the current form of notice and consent form filed with this Court on September 9, 2020.

Defendant objects to the current form of Plaintiffs' proposed notice and consent form on the following bases: 1) Plaintiffs' notice is misleading and does not adequately explain the basis of their claims; 2) Plaintiffs' notice is inappropriately one-sided; 3) Plaintiffs' notice fails to adequately inform potential opt-in plaintiffs about their rights with respect to counsel; 4) Plaintiffs' notice fails to adequately inform potential opt-in plaintiffs of the obligations associated with participation in this lawsuit; 5) Plaintiffs' proposed opt-in period is too long and should be limited to forty-five (45) days; and 6) a full case caption with the district and magistrate judges' names should be omitted. (ECF No. 13.)

## II.  STANDARD OF REVIEW

Plaintiffs move for conditional certification pursuant 29 U.S.C. § 216(b). A collective action under the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]" 29 U.S.C. § 216(b). To join a collective action, an employee must: (1) be "similarly situated" to the plaintiff who maintains the action, and (2) give written consent to join. *Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544, 546 (6th Cir. 2006). "The certification process in an FLSA collective action typically proceeds in two phases." *Hall v. U.S. Cargo and Courier Serv., LLC,* 299 F. Supp. 3d 888, 894 (S.D. Ohio 2018) (internal quotations marks and citations omitted).

At the first stage of conditional certification, which generally takes place at the pre-discovery phase of the case, courts apply a "fairly lenient standard" in determining whether the employees to be notified are similarly situated to plaintiff. *Comer,* 454 F.3d at 547. Plaintiffs need only "make a modest factual showing" that they are similarly situated to the other employees they seek to notify. *Id.* at 546-47 (internal quotation marks and citations omitted). "[P]laintiffs

are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enter., Inc.,* 575 F.3d 567, 585 (6th Cir. 2009); s*ee also Lewis v. Huntington Nat'l Bank,* 789 F.Supp.2d 863, 868 (S.D. Ohio 2011) ("[S]imilarly situated class members under FLSA are those whose causes of action accrued in approximately the same manner as those of the named plaintiffs."). During this first stage, "a district court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Waggoner v. U.S. Bancorp,* 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015) (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)).

The second stage of conditional certification occurs "after all of the opt-in forms have been received and discovery has concluded." *Comer,* 454 F.3d at 547. At that point, a defendant may move the court to decertify a class, "and the Court will reconsider, with greater scrutiny, whether the putative class members are actually similarly situated." *Hall,* 299 F. Supp. 3d at 895.

Here, the three issues before the Court at this first stage of the conditional certification analysis are: 1) whether Plaintiffs are similarly situated; 2) whether the Court should narrow the proposed class; and 3) whether the Court should approve the proposed notice and consent forms submitted.

### III. DISCUSSION

#### A. Whether Plaintiffs are Similarly Situated

Defendant argues that Plaintiffs have not met their burden of showing they are similarly situated to members of the proposed class, because Plaintiffs have offered no evidence that they and putative plaintiffs were subject to a common unlawful decision, policy, or plan that violates the FLSA.

5

As an initial matter, "showing a 'unified policy' of violations is not required" at the conditional certification stage. *Rosenbohm v. Cellco P'ship,* No. 2:17-cv-731, 2018 U.S. Dist. LEXIS 158030, at *7 (S.D. Ohio Sep. 17, 2018) (citing *O'Brien,* 575 F.3d at 585).  At this stage, district courts consider "factors such as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; [and] whether evidence of a widespread discriminatory plan was submitted." *Olivo v. GMAC Mortg. Corp.,* 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004).

Here, Plaintiffs contend they are similarly situated to other PCAs, who have been employed by Defendant in Ohio during the last three years, and who traveled throughout the workday to client residences and were not compensated for their travel time.  Plaintiffs assert that they and the proposed class have been subject to the same unlawful overtime policy, where they were required to travel to client residences to provide in-home caregiver services, log on to Defendant's timekeeping system after arriving at a client's residence and then log off before leaving the client's residence, and were therefore not paid for all of the hours they worked.  Plaintiffs allege this uncompensated time includes overtime at one and one-half times their regular rates of pay in excess of a forty-hour workweek.  In support of their assertions, Named Plaintiffs Farmer and Moore attached their sworn declarations and copies of their time records reflecting their alleged unpaid travel time between client residences.

In determining whether plaintiffs are similarly situated, courts "can conditionally certify a collective action under the FLSA on the strength of a single affidavit or declaration if that document sets forth sufficient facts from which the court may reasonably infer the existence of other employees who were subject to the same wage and work hours policy as plaintiff." *Rembert v. A Plus Home Health Care Agency LLC,* 2:17-CV-287, 2018 WL 2015844, at *2 (S.D. Ohio May

1, 2018). Defendant's argument that Plaintiffs' declarations are insufficient to establish any common unlawful decision, policy or plan "goes to the merits of the underlying FLSA dispute and is thus not properly considered at the conditional certification stage." *Rosenbohm*, 2018 U.S. Dist. LEXIS 158030, at *7.

Plaintiffs have offered the allegations in their Complaint and the declarations of the Named Plaintiffs to demonstrate that the putative class all perform the same job functions and are all subject to the same travel time policy. Thus, Plaintiffs "have produced some evidence supporting their contention that the putative class was subject to a common policy and are therefore similarly situated." *Lewis v. Huntington Nat'l Bank,* 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011).

The Court finds that the Named Plaintiffs' declarations are sufficient to satisfy their modest factual burden, as their declarations set forth sufficient facts from which the Court may reasonably infer the existence of other employees who were subject to the same wage and work hours policy.[1] The Court will not make a factual determination concerning the merits of the underlying FLSA dispute at the conditional certification stage of this litigation. Following the end of discovery, Defendant may later move for decertification, challenging the Court's preliminary determination.

---

[1] In arguing that Plaintiffs are not similarly situated, Defendant also claimed that Plaintiffs' "travel time theory" will require highly individualized determinations which favor denying class certification and no other PCAs have shown interest in this case. "[T]his Court has consistently held that any argument related to the level of individualized scrutiny required should Plaintiff's claims be valid is 'inappropriate' at the conditional class certification stage." *Rosenbohm v. Cellco P'ship,* No. 2:17-cv-731, 2018 U.S. Dist. LEXIS 158030, at *8–9 (S.D. Ohio Sep. 17, 2018). Furthermore, "Plaintiffs are not required to provide a showing of interest prior to conditional certification." *Hall v. U.S. Cargo & Courier Serv., LLC,* 299 F. Supp. 3d 888, 896 (S.D. Ohio 2018) (collecting cases).
Defendant also contends that since Plaintiffs have not provided declarations from employees at other Ohio locations, Plaintiffs have failed to meet their standard of proof. Plaintiffs point out that since the filing of their motion, Plaintiffs from other Ohio locations have consented to join this suit. At this stage of the litigation, "if Plaintiffs provide sufficient evidence of a company-wide practice through declarations of present and former employees at other locations, then the court is justified in sending notice to similarly situated employees at all locations in issue in the litigation." *Headspeth v. TPUSA, Inc.,* 2:19-CV-2062, 2020 WL 3818922, at *5 (S.D. Ohio July 8, 2020) (internal quotation marks and citations omitted).

At that time, the Court will reconsider, with greater scrutiny, whether the putative class members are actually similarly situated.

### B.  Plaintiffs' Proposed Putative Class

Defendant argues that Plaintiffs' proposed class definition is overbroad, because it includes employees from all over Ohio rather than just the Columbus and Toledo locations where the Named Plaintiffs are or were employed.  The Court finds this argument unavailing, as Defendant is unable to support its contention that the Court should limit the class to the Columbus and Toledo locations.  *See Hall v. U.S. Cargo & Courier Serv., LLC,* 299 F. Supp. 3d 888, 897 (S.D. Ohio 2018) (citing *Musarra v. Digital Dish, Inc.*, Case No. 2:05-cv-545, 2008 U.S. Dist. LEXIS 110003, at *18-19 (S.D. Ohio March 24, 2008) (denying defendant's request to limit potential class to facility where named plaintiffs worked, reasoning that plaintiffs' affidavits attesting to a company-wide policy were sufficient); *see also Headspeth v. TPUSA, Inc.,* 2:19-CV-2062, 2020 WL 3818922, at *5 (S.D. Ohio July 8, 2020) (declining to limit the class to two locations where declarations of present and former employees at other locations provided sufficient evidence of a company-wide practice).

The Court therefore certifies the following class:

> All current and former Ohio hourly employees of Defendant who have: (1) provided companionship services, domestic services, home care, and/or other in-home services; (2) traveled to multiple clients' homes in the same day; and (3) worked 40 or more hours in one or more workweeks during the three (3) years preceding the filing of this Motion and continuing through the final disposition of this case.

### C.  Plaintiffs' Notice and Consent Form

Plaintiffs also move the Court to approve their proposed notice and consent form, direct Defendant to provide, within fourteen (14) days of an order granting conditional certification, a roster of all persons who fit their proposed definition of "Potential Opt-In Plaintiffs" that includes

8

the Potential Opt-In Plaintiffs' full names, their dates of employment, job titles, their last known home addresses, phone numbers, and their personal email addresses and directing that the Court-approved Notice and Consent to Join forms be sent to such present and former employees within fourteen (14) days of receipt of the roster using the Potential Opt-In Plaintiffs' mailing and email addresses.

Defendant objects to Plaintiffs' proposed notice and consent form for several reasons, which will be addressed in turn below.

### 1. Whether Plaintiffs' Notice is Misleading and Biased

The first page of Plaintiffs' Notice of Fair Labor Standards Act Lawsuit contains the following paragraph:

> If you are a current or former hourly employee of LHC Group, Inc. ("LHC") who: (1) provided companionship services, domestic services, home care, and/or other in-home services; (2) traveled to multiple clients' homes in the same day; and (3) worked 40 or more hours in one or more workweeks, then please read this carefully because a collective action lawsuit may affect your rights.

(Ex. A, ECF No. 3-1 at 39.)

Defendant claims that Plaintiffs' proposed notice is misleading, as it does not provide a complete description of Plaintiffs' claims and therefore does not provide sufficient information for putative plaintiffs to determine if they are similarly situated. Defendant argues that Plaintiffs' proposed notice is improperly biased, as it contains only one sentence stating that Defendant denies Plaintiffs' allegations and that the Court should include a more complete description of Defendant's defenses.

The Court rejects Defendant's argument. The first page of Plaintiffs' proposed notice also includes a standalone paragraph stating, "LHC denies Farmer and Moore's allegations and denies any violation of the FLSA. The Court has not yet made any determination regarding the merits of the Case." (*Id*.) Courts ensure that notices are "timely, accurate, and informative." *Hoffmann-La*

*Roche Inc. v. Sperling,* 493 U.S. 165, 172 (1989). The purpose of the notices is to advise putative plaintiffs of their rights in a neutral manner. *See Heaps v. Safelite Sols., LLC,* No. 2:10-CV-729, 2011 U.S. Dist. LEXIS 40089, 2011 WL 1325207, at *9 (S.D. Ohio Apr. 5, 2011) (explaining that the purpose of a FLSA notice "is to provide potential plaintiffs with a neutral discussion of the nature of the action").

Here, the Court finds that including additional language concerning a factual dispute is not appropriate and has the potential to confuse putative plaintiffs. *See Davis v. Colonial Freight Sys.,* No. 3:16-CV-674-TRM-HBG, 2018 U.S. Dist. LEXIS 76225, at *17 (E.D. Tenn. Apr. 30, 2018) ("The parties need not explain every detail of the case as such would only lead to confusion.") Moreover, while notices generally include a statement that the defendant denies liability, "notices do not need to describe every defense the defendant has asserted." *Id.* at *17–18. When "drafting the[ir] proposed notification language, the parties should 'be scrupulous to respect judicial neutrality' and 'take care to avoid even the appearance of judicial endorsement of the merits of the action.'" *Albright v. Gen. Die Casters, Inc.,* No. 5:10-CV-480, 2010 U.S. Dist. LEXIS 142329, at *11 (N.D. Ohio July 14, 2010) (quoting *Hoffmann-La Roche,* 493 U.S. at 174).

Here, Plaintiffs have done exactly that. Their proposed notice includes a statement that defendant denies liability in this case but also avoids the appearance of judicial endorsement of the merits of their action by clarifying that the Court has not made a determination on the merits of this case. It thus provides a neutral discussion of the nature of this action and is accurate and informative. Defendant's first objection is therefore overruled.

### 2. Whether Defense Counsel's Contact Information Should Be Included

Defendant additionally requests that the notice contain the name and contact information of its counsel to whom potential plaintiffs may direct questions. Plaintiffs counter that the

inclusion of defense counsel's contact information is inappropriate as it invites improper communications. The Court agrees, as it creates a risk of confusion and the potential for inappropriate communications between putative plaintiffs and defense counsel. *Ganci v. MBF Inspection Servs.*, No. 2:15-cv-2959, 2016 U.S. Dist. LEXIS 128190, at *14 (S.D. Ohio Sep. 20, 2016) ("[I]ncluding such information creates a risk of confusing putative plaintiffs . . . [and] opens the door to potentially inappropriate or unethical communications.") Accordingly, defense counsel's contact information shall not be included in the notice, and the Court overrules Defendant's second objection. Instead, Plaintiffs' notice shall include a statement indicating that Defendant is represented by counsel.

### 3. Whether Plaintiffs' Notice Fails to Adequately Inform Potential Opt-in Plaintiffs About Their Rights with Respect to Counsel

Defendant's third objection discusses Plaintiffs' failure to inform potential plaintiffs of their rights to retain counsel of their own choosing. The Court agrees that potential opt-in plaintiffs have the right to select counsel of their own choosing and has ordered the inclusion of language reflecting this right in several other cases. *See, e.g., Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 898 (S.D. Ohio 2018) (collecting cases). "Informing potential plaintiffs of their right to choose their own counsel is an appropriate element in a notice." *Heaps*, 2011 U.S. Dist. LEXIS 40089, 2011 WL 1325207, at *9.

Plaintiffs do not dispute this objection and have agreed to include the following sentence:

"If you join, the lawyers listed on this Notice will represent you in the Case, unless you elect to retain separate counsel, which is your right." (ECF No. 20 at 343, n.3.)

The Court therefore sustains Defendant's third objection, approves Plaintiffs' proposed statement reflecting that opt-in plaintiffs are entitled to be represented by Named Plaintiffs'

11

counsel or by counsel of their own choosing, and orders the proposed statement be included in Plaintiffs' notice to putative plaintiffs.

### 4. Whether Plaintiffs' Notice Fails to Adequately Inform Potential Opt-in Plaintiffs of the Obligations Associated with Participation in this Lawsuit

Defendant next objects to Plaintiffs' proposed notice, because it fails to adequately inform putative plaintiffs of their responsibilities should they decide to opt-in to this suit.

Plaintiffs also do not dispute this objection and have agreed to include the following statement about participating in this lawsuit:

> You should also understand that, as a party to this Case, you may be required to participate in discovery and/or other aspects of the legal proceedings, including but not limited to: providing information about your employment with LHC, answering written questions, producing documents, and/or testifying at a pre-trial deposition or trial.

(ECF No. 20, 343 at n.4.)

Plaintiffs insist that the Court should not extend such inclusion to unnecessarily add more specific information, such as emphasizing that opt-ins may have to travel to Columbus, Ohio to testify. The Court agrees and finds that Plaintiffs' proposed language above adequately informs potential opt-in Plaintiffs of the obligations associated with participation in this lawsuit.

Defendant also objects to the proposed notice's failure to inform putative plaintiffs that Plaintiffs' counsel will receive a percentage of their recovery. The Court agrees that Plaintiffs' proposed notice does not include language that informs the putative class that if they retain Named Plaintiffs' attorneys as counsel, they will be represented on a contingency fee basis. The Court therefore sustains Defendant's fourth objection in part and orders that the notice include language explaining the contingency fee arrangement between counsel and plaintiffs.

Defendant further contends that the proposed notice fails to explain that opt-in plaintiffs may be responsible for Defendant's costs if their lawsuit is unsuccessful. The Court finds that the inclusion of such language is unnecessary and may improperly dissuade putative class members

from opting-in to the lawsuit. "Language informing potential putative class members of fees and costs could unfairly dissuade participation." *Slaughter v. RMLS Hop Ohio, L.L.C.*, No. 2:19-cv-3812, 2020 U.S. Dist. LEXIS 69772, at *28 (S.D. Ohio Apr. 21, 2020); *see also Hall,* 299 F. Supp. at 898 (finding that the inclusion of [language informing potential class of potential liability for attorneys' fees and costs] is inappropriate and could unfairly dissuade potential class members from participating in the action) Therefore, Defendant's fourth objection is overruled in part as it pertains to the inclusion of language of putative plaintiffs' potential liability for attorneys' fees and costs.

### 5. Whether Plaintiffs' Proposed Opt-in Period is Too Long

Defendant also objects to Plaintiffs' proposed ninety-day opt-in period arguing it is too long and should be limited to forty-five days. Defendant offers no further justification other than forty-five days is sufficient for a standard FLSA case, and that forty-five days is a more appropriate opt-in period. (ECF No. 13 at 245.) While "[t]here is no hard and fast rule controlling the length of FLSA notice periods, Courts in this district have frequently used their discretion to grant ninety-day opt-in periods." *Ganci v. MBF Inspection Servs.*, No. 2:15-cv-2959, 2016 U.S. Dist. LEXIS 128190, at *6 (S.D. Ohio Sep. 20, 2016). Moreover, this Court recently approved a ninety-day opt-in period in another FLSA case where "[g]iven COVID-19's impact on the mail and the difficulty that Plaintiffs' counsel may encounter of locating Defendant's former employees, the Court will allow a ninety-day notice period." *Headspeth v. Tpusa, Inc.*, No. 2:19-cv-2062, 2020 U.S. Dist. LEXIS 145421, at *2 (S.D. Ohio July 23, 2020). The Court sees no reason to depart from this holding and sustains Defendant's fifth objection. The ninety-day opt-in period deadline shall be set forth in both the notice and consent form.

### 6. Whether the Full Case Caption with the District and Magistrate Judges' Names Should be Omitted from the Consent Form

Lastly, Defendant objects to the proposed consent form's inclusion of the full case caption, because Defendant believes it gives a false impression of judicial endorsement of Plaintiffs' claims. The Court disagrees that the inclusion of the full case caption is misleading, as Plaintiffs' proposed notice states at the top, "This is a Court-Authorized Notice and is not a Solicitation from a Lawyer. The Court Has Made No Finding as to the Merits of the Case at this Time." (ECF No. 3-1 at 39.) This Court has previously determined that "[i]ncluding the case caption is not misleading nor a judicial endorsement of the lawsuit." *Colley v. Scherzinger Corp.*, 176 F. Supp. 3d 730, 735 (S.D. Ohio 2016). The Court stands by this determination and overrules Defendant's sixth objection.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Pre-Discovery Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. § 216(b) (ECF No. 3) is **GRANTED IN PART** and **DENIED IN PART**.

The Court **GRANTS IN PART** Plaintiffs' motion as it relates to conditional certification, and this action is conditionally certified as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of Named Plaintiffs.

The Court **OVERRULES** Defendant's objections (ECF No. 13) to Plaintiffs' proposed notice and consent **IN PART** and **SUSTAINS** Defendant's objections **IN PART** and therefore **DENIES** Plaintiffs' motion **IN PART** concerning the proposed Notice and Consent to join forms attached as Exhibit A to Plaintiffs' motion. The parties must meet and confer to produce a Joint Proposed Notice and Consent that comports with the conditions outlined in this Opinion and Order on or before **JANUARY 8, 2021.**

The Court **ORDERS** as follows:

Within twenty-one (21) days of this Opinion and Order, Defendant shall provide Plaintiffs with a roster of all putative collective members who fit the following definition:

> All current and former Ohio hourly employees of Defendant who have: (1) provided companionship services, domestic services, home care, and/or other in-home services; (2) traveled to multiple clients' homes in the same day; and (3) worked 40 or more hours in one or more workweeks during the three (3) years preceding the filing of this Motion and continuing through the final disposition of this case.

The roster shall include putative plaintiffs' full names, their dates of employment, job titles, their last known home addresses, phone numbers, and their personal email addresses.

No later than fourteen (14) days following the Court's approval of a Joint Proposed Notice and Consent that comports with the conditions outlined in this Opinion and Order, Plaintiffs' counsel or their vendor shall transmit the Court-approved Notice and Consent to Join forms to all putative collective members using the putative collective members' mailing and email addresses.

**IT IS SO ORDERED.**

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: December 18, 2020