IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SHANA FARMER AND KYNA MOORE**, on behalf of themselves and others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>**LHC GROUP, INC.,**<br><br>　　　　　　　Defendant. | Case No. 2:20-CV-3838<br><br>Judge Graham<br><br>Magistrate Judge Vascura |

## OPINION AND ORDER

Plaintiff filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; Ohio Rev. Code §§ 4111.03 and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code 4113.015. The parties represent that they have executed a settlement agreement and Defendant filed an unopposed motion to file the same under seal, Doc. 76. For the following reasons, this motion is **DENIED**.

**I.**

As a general matter, there exists a strong presumption in favor of open court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). The party requesting to seal a court record bears a heavy burden to overturn this presumption, and that burden only gets heavier the "greater the public interest in the litigation's subject matter." *Id.* The public has a keen interest in the outcome of FLSA litigation, and as such, "sealing a FLSA settlement rarely, if ever, will be shown to outweigh the public right to access judicial documents." *Smolinski v. Ruben & Michelle Enters. Inc.*, No. 16-CV-13612, 2017 WL 835592, at *3 (E.D. Mich. Mar. 3,

2017); *see also Zego v. Meridian-Henderson*, No. 2:15-CV-3098, 2016 WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016).

## II.

Defendant argues that three "compelling reasons" support sealing the settlement agreement and approval motion. First, it argues that disclosure of the settlement terms could encourage copycat litigation. Fear of copycat litigation is insufficient reason to seal FLSA settlement agreements, however. *See, e.g., Fairfax v. Hogan Transporation Equip., Inc.*, No. 2:16-CV-680, 2019 WL 466148, at *2 (S.D. Ohio Feb. 6, 2019) ("While the public filing of the Settlement Documents, 'may affect the settlement of other cases, the fear of copycat lawsuits or embarrassing inquiries [does] not suffice to defeat the presumption of public access.'") (quoting *Lee v. Asurian Ins. Servs., Inc.*, 206 F. Supp. 3d 1307, 1309 (M.D. Tenn. 2016)); *Nutting v. Unilever Mfg. (U.S.) Inc.*, No. 2:14-CV-02239-JPM, 2014 WL 2959481, at *4 (W.D. Tenn. June 13, 2014) (same) (citation omitted).

Second, Defendant argues that the settlement agreement should be sealed so that nonparties cannot misconstrue it as an admission of guilt and result in negative publicity. This argument is a nonstarter. The public docket will show that Defendant was sued in and settled a FLSA case whether or not the settlement agreement is sealed. The terms of the settlement agreement are unlikely to increase a misperception that a settlement is an admission of guilt. Moreover, the concern that a settlement could result in negative publicity exists in virtually every FLSA case. Yet "sealing a FLSA settlement rarely, if ever, will be shown to outweigh the public right to access judicial documents." *Smolinski*, 2017 WL 835592 at *3.

Finally, Defendant asserts that sealing the settlement agreement is appropriate because it will only prevent the public from seeing the settlement amount and other terms of the confidential

settlement agreement and would "further settlement." Doc. 76 at 4. This Court has noted that the desire to keep settlement terms confidential does not outweigh the public interest in access to FLSA settlement agreements. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *2 (S.D. Ohio July 24, 2017) (citing *Green v. Hepaco, LLC*, No. 2:13-cv-02496-JPM, 2014 WL 2624900, at *5 (W.D. Tenn. June 12, 2014)). Indeed, the FLSA does not encourage settlements through confidentiality provisions, "but rather through the waiver provision found in 29 U.S.C. § 216(c), which grants an enforceable release to employers from any right any employee may have to . . . unpaid overtime compensation, and liquidated damages, when an FLSA settlement agreement is approved." *Id.* (quoting *Green,* 2014 WL 26294900 at 5).

### III.

For the above reasons, Defendant's unopposed motion for leave to file documents under seal is **DENIED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: May 5, 2023

3