**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHANA FARMER** and **KYNA MOORE**, | : | |
| on behalf of themselves and others similarly | : | |
| situated, | : | **CASE NO. 2:20-cv-3838** |
| | : | |
| Plaintiffs, | : | **JUDGE JAMES L. GRAHAM** |
| | : | |
| v. | : | **MAGISTRATE JUDGE CHELSEY M.** |
| | : | **VASCURA** |
| **LHC GROUP, INC.,** | : | |
| | : | |
| Defendant. | | |

**STIPULATED ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA**
**COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE**

Shana Farmer and Kyna Moore ("Representative Plaintiffs") brought the above-captioned action against LHC Group, Inc. ("Defendant") for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and Ohio law. (ECF No. 1). Representative Plaintiffs allege that Defendant failed to pay them, and others similarly situated, for time spent traveling between Defendant's clients'/ patients' homes during the same workday. *Id*. Defendant denies these allegations and maintains that it properly compensated all employees at all relevant times. This matter was conditionally certified as a collective action and more than 400 individuals joined the action, including Representative Plaintiffs (collectively "Plaintiffs"). In addition to their counsel, Representative Plaintiffs and Defendant participated in mediation with a well-respected mediator, Jerome F. Weiss, and have settled Plaintiffs' claims and move for approval of their settlement agreement.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo*

1

*Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mechanical, Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case as the parties dispute whether hourly, non-exempt home health employees have any further entitlement to alleged unpaid overtime. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel, and the settlement was reached at the recommendation of a neutral mediator.

The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals. Plaintiffs' counsel was able to assess Defendant's payroll and timekeeping information to perform a damages analysis.

Although the parties dispute both the existence and amount of unpaid overtime, the parties represent that individual settlement payments reflect an additional 31 minutes of travel time per instance of travel and compensate Plaintiffs for alleged unpaid overtime wages on a *pro rata* basis based on the amount of alleged unpaid overtime owed to Plaintiffs as calculated by Plaintiffs' Counsel. Each Representative Plaintiff will receive a $7,500 service award in addition to their individual payment. All of these payments are reasonable. *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class"). Moreover, attorneys' fees of one-third of the total common fund settlement are reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."); *see Myres v. Hopebridge, LLC*, No. 2:20-cv-5390, 2023 WL 2399056, at *6 (S.D. Ohio Feb. 21, 2023) (Sargus, J.); *Smith v. Local Cantina, LLC*, No. 2:20-cv-03064, 2022 WL 1183325, at *7 (S.D. Ohio Apr. 19, 2022) (Graham, J.); *O'Neil v. Miller Pipeline, LLC*, No. 2:20-cv-4034, 2021 WL 5376235, at *2 (S.D. Ohio Nov. 2, 2021) (Watson, J.); *Bailey v. Paradies Shops, LLC*, Case No. 2:20-cv-2610, 2021 WL 3662466 at *6 (in finding a one-third attorney fees request to be reasonable, the Court noted, "District courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount.") (S.D. Ohio August 18, 2021). It is also reasonable for Plaintiffs' counsel to be compensated for their out-of-pocket costs.

The parties' joint motion, ECF No. 80, is **APPROVED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction over the action to enforce the terms of the Settlement, including the administration of the settlement, and the distribution process.

**IT IS SO ORDERED**.

DATE: May 11, 2023              s/ James L. Graham

**JAMES L. GRAHAM**
**UNITED STATES DISTRICT JUDGE**